# R. J. Ederer Net & Twine Co., Appellant, *v.* Young.

*Appeals—Assignments of error—Rulings on evidenc —Failure to print evidence in assignment.*

1. An assignment of error to the action of the court in striking out evidence relied upon to sustain the appeal, is not in compliance with the rules, if the evidence is not incorporated in the assignment.

*Statute of frauds—Evidence—Nonsuit.*

2. The appellate court will not reverse a nonsuit, where it is not convinced, after an examination of the testimony, that the trial court erred in its view that the proofs were not sufficient to take appellant's case out of the clause of the statute of frauds, which provides against the enforcement of a verbal promise to become responsible for the debt or default of another.

Argued February 1, 1922. Appeal, No. 66, Jan. T., 1922, by plaintiff, from order of C. P. No. 3, Phila. Co., Sept. T., 1919, No. 4082, refusing to take off nonsuit, in case of R. J. Ederer Net & Twine Co. v. Henry W. Young. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit for goods sold and delivered. Before FERGUSON, J.

The opinion of the Supreme Court states the facts.

Nonsuit, which the court refused to take off. Plaintiff appealed.

*Error assigned,* among others, was refusal to take off nonsuit, quoting record.

*Wm. Barclay Lex,* with him *Hepburn, Dechert & Norris,* for appellant.

*T. Ewing Montgomery,* of *Reber, Granger & Montgomery,* for appellee.

PER CURIAM, February 20, 1922:

The court below entered a nonsuit, which it subsequently refused to remove; hence this appeal by plaintiffs. The eighth specification of error complains because the trial judge sustained a motion to strike from the record all the evidence now relied on to sustain the present appeal, but appellants fail to print, in the assignment, the evidence stricken out; this is contrary to our rules of court. We have examined the testimony, however, and are not convinced the court below erred in its view that the proofs depended on were not sufficient to take plaintiff's case out of the clause of the statute of frauds which provides against the enforcement of a verbal promise to become responsible for the debt or default of another.

The order appealed from is affirmed.